REC'D JUN - 6 2008

CLERK'S FILE COPY
CR07-2012

TRANSCRIBED FROM DIGITAL RECORDING

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, Plaintiff, vs. DAVID ANTHONY DOWNING, DANIEL FRANCIS BERGER, AZAR BEREND NIEKAMP, Defendants.

DOCKETED
MAY 30 2008

No. 07 CR 318
07 CR 319
07 CR 320

Chicago, Illinois
May 19, 2007
4:15 P.M.

TRANSCRIPT OF PROCEEDINGS - Removal proceeding
BEFORE THE HONORABLE MARTIN C. ASHMAN, Magistrate Judge

APPEARANCES:

For the Government: HON. PATRICK J. FITZGERALD
219 South Dearborn Street
Chicago, Illinois 60604
BY: MR. BENJAMIN F. LANGNER

For the Defendants: THOMAS M. BREEN AND ASSOCIATES
53 West Jackson Boulevard
Suite 1460
Chicago, Illinois 60604
BY: MR. TODD S. PUGH

ALSO PRESENT: Ms. Sara M. Nieling
Pretrial Service Officer

FILED
MAY 29 2008 RC
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PAMELA S. WARREN, CSR, RPR
Official Court Reporter
219 South Dearborn Street
Room 1928
Chicago, Illinois 60604
(312) 294-8907

**NOTE: Please notify of correct speaker identification.**

(Proceedings held in open court:)

THE COURT: All right. United States versus Niekamp, Downing, and Berger.

Would you please step up.

MR. LANGNER: Good afternoon, your Honor. Ben Langner on behalf of the government.

MR. PUGH: Good afternoon, Judge Ashman. My name is Todd Pugh, P-u-g-h, from Tom Breen's office.

Judge, I am representing David Downing and ask leave to file my appearance on his behalf.

I have been asked as a courtesy, because there is nobody here from the Federal Defender Program, to stand in for the purpose of initial appearance for all of the individuals charged. And if the Court doesn't have an objection to do that, I will do that.

THE COURT: All right. We'll do that. You will be appointed for today's purposes only.

Who is Mr. Niekamp? All right.

DEFENDANT NIEKAMP: (Unintelligible).

THE COURT: And Daniel Francis Berger?

DEFENDANT BERGER: (Unintelligible).

THE COURT: Downing?

DEFENDANT DOWNING: (Unintelligible).

THE COURT: All right. Now speaking to the three of you, directly to the three of you, the purpose of the hearing

today is to inform you of the charge against you, inform you of certain rights that you have which are important to you, and to set and describe the circumstances and conditions of your release from custody pending further court proceedings if it is deemed appropriate. You will not be called upon to answer to the charges today.

　　　　I want to advise you of the following: You are not required to make any statements. If you have made a statement, you need not say anymore. If you choose to make a statement, you may stop at any time. And any statement made by you can be used against you.

　　　　Now, Mr. Niekamp, do you understand what I have just told you?

　　　　DEFENDANT NIEKAMP: (Unintelligible).

　　　　THE COURT: Mr. Berger, how about you, do you understand what I have just told you?

　　　　DEFENDANT BERGER: Yes, your Honor.

　　　　THE COURT: And, Mr. Downing, do you understand what I have just told you?

　　　　DEFENDANT DOWNING: (Unintelligible).

　　　　THE COURT: Now I also want to advise you that you have a right to counsel and to confer with your counsel at every critical stage of this criminal proceeding, including this one.

　　　　If you have any questions of your counsel, I will

interrupt these proceedings to allow you to discuss these questions.

If you are unable to afford an attorney, an attorney will be appointed to represent you at no cost.

You also have the right to retain counsel of your own choice. You also have the right to waive the assistance of counsel and to represent yourself if you voluntarily and intelligently elect to do so.

You have the right to consult with and be represented by counsel during any questioning by the governmental authorities.

Now, Mr. Niekamp, do you fully understand your rights regarding counsel?

DEFENDANT NIEKAMP: Yes, your Honor.

THE COURT: Mr. Berger, how about you?

DEFENDANT BERGER: Yes, your Honor.

THE COURT: And Mr. Downing?

DEFENDANT DOWNING: Yes, your Honor.

THE COURT: All right. Have each of the defendants received a copy of the complaint and supporting affidavit?

MR. PUGH: I have given a copy of the complaint. And I have actually had an opportunity to go over the charges with Mr. Downing last night, Judge.

So they have all -- they are all on notice as to what the charges are, Judge.

THE COURT: All right. Would the assistant United States Attorney please state the charge and the nature and maximum possible penalty provided by law.

MR. LANGNER: Your Honor, the defendants are -- each and together conspired -- I'm sorry -- charged with, in the Northern District of Iowa, conspiring to willfully and knowingly with intent to defraud the United States smuggle and introduce into the United States merchandise which should have been invoiced.

They are also charged with conspiring to import 100 kilograms or more of marijuana into the United States and with conspiring to distribute and possess with intent to distribute 100 kilograms or more of marijuana. The maximum penalties associated with the first of those charges -- I'm sorry, the -- yeah, the first of those charges, specifically the conspiracy to defraud the United States, are a term of imprisonment of not more than five years and a fine of $250,000.

The maximum penalties associated with the charge of conspiring to import into the United States 100 kilograms or more of marijuana are a term of imprisonment of not less than five years and not more than 40 years; and the charge of conspiring to possess with intent to distribute and distribute 100 kilograms or more of marijuana are a term of imprisonment of not less than five years and not more than 40 years, and a

fine of $2 million -- excuse me -- the fine of $2 million would also apply to the second of those two charges.

THE COURT: Yes.

Now, Mr. Niekamp, do you understand the charge against you?

DEFENDANT NIEKAMP: Yes, I do.

THE COURT: And do you understand the nature of the penalty provided?

DEFENDANT NIEKAMP: Yes.

THE COURT: Mr. Berger, do you understand the charge against you?

DEFENDANT BERGER: Yes, your Honor.

THE COURT: Do you understand the nature of the penalty provided?

DEFENDANT BERGER: Yes, your Honor.

THE COURT: Mr. Downing, do you understand the charge against you?

DEFENDANT DOWNING: Yes, your Honor.

THE COURT: And do you understand the nature of the penalty provided?

DEFENDANT DOWNING: Yes, your Honor.

THE COURT: Now on a criminal complaint, on these criminal complaints, you have the right to a preliminary examination on this complaint. This is an evidentiary hearing before a magistrate judge to determine whether there was

probable cause to hold you under this particular charge.

At this hearing the government must establish the probability that a crime has been committed and that you are indeed the person who committed it. At this hearing, you have the right to cross examine all witnesses presented by the government and to present witnesses on your own behalf if you so choose. However, if an indictment is returned by the federal grand jury before the date set for your preliminary examination, this is considered a showing of probable cause and the preliminary examination will be canceled.

Now this being a removal to the Northern District of Iowa, before I can order your return to the Northern District of Iowa, you have the right to what is called an identity hearing. This is a hearing to establish that you are in fact the person named in this charge.

Counselor, what is your pleasure with regard to that?

MR. PUGH: Judge, as to Mr. Downing, who is my client, I would -- our position is going to be on that that Mr. Downing is the person named within the complaint.

THE COURT: So you waive the identity hearing?

MR. PUGH: We would.

However, considering my relationship with the two other persons, I don't think I can do that for them, Judge.

THE COURT: All right. Then we will have an identity hearing on that.

MR. LANGNER: Your Honor --

THE COURT: Yes.

MR. LANGNER: -- Mr. Pugh and I had discussed this ahead of time, and what we had discussed, and with your Honor's permission, what we would like to do is to have a status hearing on Monday when the two other individuals here could get representation --

THE COURT: Right.

MR. LANGNER: -- and we could determine if identity and detention and probable cause are going to be things that we were going to do or whether they would be waived.

THE COURT: Okay. I want to advise each one of you of the potential for having your case transferred to this district for disposition. If you wish such a transfer, you must state in writing that you wish to plead guilty or no contest and to waive trial in the Northern District of Iowa and to consent to disposition of this case here in the Northern District of Illinois. Such a transfer is subject, however, to the approval of the United States Attorneys for each district.

With regard to bail in general, you each have the right to be admitted to bail on the least restrictive conditions necessary to assure your return to the Court as ordered and to protect the safety of others in the community.

And I take it now with regard to Mr. Downing also, you want -- you're asking for a detention hearing?

MR. PUGH: We will.

THE COURT: Or you're asking for a status?

MR. PUGH: We would. We would join in that status on Monday, Judge.

THE COURT: All right. We will set a status on detention hearing, identity hearing, and preliminary examination for Monday, May 21, at --

MR. PUGH: Judge, just if we could weigh in on it at all, we were --

THE COURT: Pardon?

MR. PUGH: If we could weigh in on the decision at all, we were both looking for something in the late afternoon if it comports with your schedule.

THE COURT: That sounds -- that sounds good.

3:30.

MR. PUGH: Beautiful.

MS. NIELING: Your Honor, Sarah Nieling, pretrial services. I just wanted to find out, do you want written pretrial reports for the status hearing on Monday or shall we wait and see what happens?

THE COURT: Well, if you can do them by the status hearing, that would be good. That helps people make a decision as to whether they are going to have a detention hearing or not.

MS. NIELING: (Unintelligible) I'm writing all three

of them so --

THE COURT: Pardon?

MS. NIELING: I'm writing all three of them, so I'll do my best (unintelligible) --

THE COURT: Okay.

MS. NIELING: -- by Monday.

THE COURT: All right. So all three matters are put on for Monday, May 21 at 3:30.

MR. LANGNER: Thank you, your Honor.

MR. PUGH: Thank you, your Honor. Have a good day.

THE COURT: All right. We'll see you then.

(Brief interruption.)

MR. LANGNER: Your Honor, Ms. Nieling has one more interview to do. Can she do that in the courtroom or are you going to lock up the courtroom?

THE COURT: Sure.

MR. LANGNER: Okay.

THE COURT: Well, I am going to lock the courtroom. I do want to lock the courtroom.

MR. LANGNER: Okay.

THE COURT: So take --

MR. LANGNER: We can --

THE COURT:B -- him in another room.

MS. NIELING: -- go to the lobby out on 13 if you would prefer.

THE COURT: Yeah.

MR. LANGNER: Okay.

(Which concluded the proceedings in the above-entitled matter.)

CERTIFICATE

I hereby certify that the foregoing is a transcript of proceedings before the Honorable Martin C. Ashman on May 19, 2007.

DATED: November 19, 2007